UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 09-212

KENTRELL WASHINGTON                          SECTION "R" (3)

## **ORDER AND REASONS**

Before the Court is defendant Kentrell Washington's motion for credit for time served in state custody.[1] For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

On July 31, 2009, the government filed a superseding indictment charging Washington with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] Defendant pleaded guilty to this count on February 24, 2010,[3] and the Court sentenced

---

[1]   R. Doc. 145.
[2]   R. Doc. 11.
[3]   R. Doc. 26.

Washington to 77 months in custody, and a three year term of supervised release.[4] Washington's supervised release began on August 11, 2015.[5]

On January 4, 2017, the government moved for an order to show cause as to why Washington's supervised release should not be revoked.[6] In its motion, the government asserted that Washington had violated the terms of his supervised release by submitting multiple urine samples that tested positive for controlled substances, and by failing to report to the U.S. Probation Office as directed.[7] In addition, Washington was convicted of evading arrest and possession of a controlled substance, both felonies, in the 177th District Court in Harris County, Texas.[8] On February 8, 2017, the Court revoked Washington's supervised release and sentenced him to 21 months for violating the conditions of his supervised release.[9]

Washington now moves for credit for the time he served in state prison for his state convictions before his federal sentence began.

---

[4] R. Doc. 105 at 2-3.
[5] R. Doc. 138 at 2.
[6] *Id.* at 3-4.
[7] *Id.* at 2-3.
[8] *Id.* at 3.
[9] R. Doc. 144 at 1-2.

## II. DISCUSSION

The Court will construe defendant's motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because defendant challenges the duration of his sentence. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (state custody credit challenge to petitioner's sentence should be filed as a writ of habeas corpus under 28 U.S.C. § 2241 (citing *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990))); *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence . . . . must proceed via a petition for habeas corpus under 28 U.S.C. § 2241."); *see also Sanchez-Quintana v. Davis*, No. 01-2657, 2001 WL 1397316, *1 (E.D. La. Nov. 8, 2001) ("A complaint that challenges the fact or duration of the petitioner's confinement must be construed as a petition for writ of habeas corpus.") (citations omitted). In order to entertain jurisdiction over a section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *Gabor*, 905 F.2d at 78 (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978). Accordingly, a petitioner must file his habeas petition in the federal district in which he is physically present. *Id.* Here, it is undisputed that defendant filed this petition from the federal penitentiary in Beaumont,

Texas,[10] which is in the Eastern District of Texas.  Therefore, the Court finds that it does not have jurisdiction to afford defendant the relief he seeks.  Additionally, the petition is not properly before this Court because Washington has not shown that he has exhausted his administrative remedies as required under 18 U.S.C. § 3585(b).  *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("[A] necessary condition to obtaining § 3585(b) credit is that the offender must first exhaust his administrative remedies before the Bureau of Prisons.") (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Washington's motion.

New Orleans, Louisiana, this __18th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. 145 at 5.