UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 09-212

KENTRELL WASHINGTON                           SECTION "R" (3)

# ORDER AND REASONS

Defendant Kentrell Washington moves for credit for time served in state custody,[1] and for relief from his sentence because of new evidence.[2] For the following reasons, the Court denies defendant's motions.

## I. BACKGROUND

On July 31, 2009, the government filed a superseding indictment charging Washington with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3] Defendant pleaded guilty to this count on February 24, 2010,[4] and the Court sentenced

---

[1]  R. Doc. 154.
[2]  R. Doc. 155.
[3]  R. Doc. 11.
[4]  R. Doc. 26.

Washington to 77 months in custody, and a three year term of supervised release.[5] Washington's supervised release began on August 11, 2015.[6]

On January 4, 2017, the government moved for an order to show cause as to why Washington's supervised release should not be revoked.[7] In its motion, the government asserted that Washington had violated the terms of his supervised release by submitting multiple urine samples that tested positive for controlled substances, and by failing to report to the U.S. Probation Office as directed.[8] In addition, Washington was convicted of evading arrest and possession of a controlled substance, both felonies, in the 177th District Court in Harris County, Texas.[9] On February 8, 2017, the Court revoked Washington's supervised release and sentenced him to 21 months for violating the conditions of his supervised release.[10]

Washington now moves for credit for the time he served in state prison for his state convictions before his federal sentence began. Washington also requests relief from his sentence because of evidence that he did not commit certain violations of supervised release.

---

[5] R. Doc. 105 at 2-3.
[6] R. Doc. 138 at 2.
[7] *Id.* at 3-4.
[8] *Id.* at 2-3.
[9] *Id.* at 3.
[10] R. Doc. 144 at 1-2.

## II. DISCUSSION

### A. Credit for Time Served in State Custody

As the Court stated in its earlier orders, the Court lacks jurisdiction to grant defendant credit for time served in state custody.[11] The Court must construe defendant's motion for back time as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because defendant challenges the duration of his sentence. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence . . . . must . . . proceed via a petition for habeas corpus under 28 U.S.C. § 2241."). In order to entertain jurisdiction over a Section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)). Accordingly, a petitioner must file his habeas petition in the federal district in which he is physically present. *Id.* Defendant filed his petition from the federal penitentiary in Beaumont, Texas,[12] which is in the Eastern District of Texas. Therefore, the Court does not have jurisdiction to grant defendant credit for time served.

---

[11]  R. Doc. 149 at 4; R. Doc. 153 at 2.
[12]  R. Doc. 154 at 11.

3

## B. Relief from Sentence Because of New Evidence

The Court construes Washington's motion for relief from his sentence because of new evidence as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Under this section, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules

4

Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the

error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Here, it is clear that Washington is not entitled relief. When the Court revoked Washington's supervised release and sentenced him to 21 months imprisonment, the Court found that Washington committed several violations of his supervised release.[13] Washington contests only a subset of these violations—his urinalyses that tested positive for drugs, and his failure to report to the Probation officer. Washington does not contest his two state felony convictions, which also constituted violations of his supervised release. Thus, the record conclusively shows that Washington is not entitled relief, and no evidentiary hearing is required under 28 U.S.C. § 2255(b).

C. **Certificate of Appealability**

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability.

---

[13] R. Doc. 144.

Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Washington's motion does not satisfy these standards. The Court finds that Washington's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Washington's motions. The Court will not issue a certificate of appealability on Washington's § 2255 motion.

New Orleans, Louisiana, this __6th__ day of March, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE